# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier, <br><br> Petitioner, <br><br> v. <br><br> Warden of Lieber Correctional Institution, <br><br> Respondent. | C/A No. 1:18-1511-CMC <br><br><br> Order |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On September 24, 2018, Respondent filed a motion for summary judgment. Because Petitioner is proceeding *pro se*, a *Roseboro* Order was mailed to him on September 25, 2018, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 21. Petitioner did not file a response to the motion for summary judgment. On October 30, 2018, the Magistrate Judge entered an order directing Petitioner to advise the court whether he wished to continue with the case and to file a response to Respondent's motion for summary judgment. ECF No. 23. Plaintiff failed to do so within the time allotted. The Magistrate Judge then issued a Report recommending the action be dismissed with prejudice for failure to prosecute. ECF No. 25. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the

serious consequences if they failed to do so.  Petitioner filed objections to the Report on December 3, 2018.  ECF No. 27.

**Standard**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

**Discussion**

In his objections, Petitioner indicates he has been in lock down and confined to his cell "24-7" and needs more time "to put in paperwork to the court."  ECF No. 27.  He requests an attorney "to help with investigations and because I can't do anything locked in my cell."  *Id.*  He also notes he "wants both trial transcripts entered into evidence because the states witnesses changed their statements from one trial to the next and there eyewitness was unreliable."  *Id.*

Petitioner has now indicated a desire to continue with his case; however, he has been on lock down in his institution and thus unable to respond in a timely manner.  Although he requests appointment of an attorney, counsel are not generally appointed absent a showing that the interests of justice so require, such as when there is a need for an evidentiary hearing.  18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254(h); *see also Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today.") (internal citation

2

omitted); *Wise v. Williams*, 982 F.2d 142, 144 (4th Cir. 1992) ("There is no constitutional right to an attorney in state post-conviction proceedings.") (citing *Coleman v. Thompson*, 501 U.S. 772, 752 (1991)). As to Petitioner's request for both trial transcripts, Respondent has filed a return and memorandum and attached an appendix with the state court documents regarding Petitioner's criminal case, along with a certificate of service stating they were mailed to Petitioner. *See* ECF No. 19. If Petitioner believes additional documents are required for his response, he shall identify them with more particularity.

Petitioner was served with Respondent's motion in late September 2018, and has essentially already been granted one extension of time to file his response to Respondent's summary judgment motion when the Magistrate Judge gave him an opportunity to advise whether he wished to continue with the case. However, based on Petitioner's current lock down status, Petitioner shall be granted an extension to file his response to Respondent's motion for summary judgment until January 31, 2019.

## Conclusion

The court declines to dismiss for failure to prosecute. Petitioner shall have until January 31, 2019 to respond to Respondent's summary judgment motion. This matter is re-referred to the Magistrate Judge.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 5, 2018