IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier, <br><br> Petitioner, <br><br> v. <br><br> Warden of Lieber Correctional Institution, <br><br> Respondent. | C/A No. 1:18-1511-CMC <br><br><br><br> Order |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation. On September 24, 2018, Respondent filed a motion for summary judgment. ECF No. 20. Because Petitioner is proceeding *pro se*, a *Roseboro* Order was mailed to him on September 25, 2018, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 21. Petitioner did not file a response to the motion for summary judgment. On October 30, 2018, the Magistrate Judge entered an order directing Petitioner to advise the court whether he wished to continue with the case and to file a response to Respondent's motion for summary judgment. ECF No. 23. Petitioner failed to do so within the time allotted. The Magistrate Judge then issued a Report recommending the action be dismissed with prejudice for failure to prosecute. ECF No. 25. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on December

3, 2018, noting difficulties getting his legal work done while his Institution was on lockdown and requesting appointment of an attorney. ECF No. 27. On December 5, 2018, the court entered an Order declining to dismiss for failure to prosecute, but denying Petitioner's request for an attorney, and referring the matter back to the Magistrate Judge. ECF No. 28. Petitioner was given until January 31, 2019, to respond to Respondent's motion for summary judgment. *Id.* He timely filed a response in opposition to summary judgment. ECF No. 30.

On February 25, 2019, the Magistrate Judge entered a Report recommending Respondent's motion for summary judgment be granted. ECF No. 31. Petitioner was notified he could file objections to the Report by March 11, 2019. *Id.* at 15. On March 7, 2019, the court received a letter from Petitioner titled "Declaration of Johnnie Frazier." ECF No. 33.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**Discussion**

The Report of the Magistrate Judge recommends dismissal because the statute of limitations bars Petitioner's claims and Petitioner has demonstrated no grounds for equitable tolling. ECF No. 31. After a thorough recitation of the dates and actions taken by Petitioner in his state Post Conviction Relief case and this Petition, the Report concludes Petitioner had until

2

March 20, 2018 – at the latest – to file his § 2254 petition. *Id.* at 14. Petitioner, however, filed on May 29, 2018, over two months late. *Id.*

None of Petitioner's filings address the statute of limitations issue or entitlement to equitable tolling. In his letter Declaration, Petitioner notes he is housed at Lieber Correctional Institution, which remains on lockdown. ECF No. 33. He states he has "filed all pertinent paperwork to the best of [his] ability" while being on lockdown and without an attorney to assist. *Id.* He asks the court to "accept my paperwork because these things are out of my control." *Id.* However, he does not request an extension of time to file further objections.

Petitioner's letter does not state any general or specific objections to the Report, or any substantive information about his case. ECF No. 33. His response in opposition to summary judgment argues the state's attorney utilized "malicious prosecution tactics," his alibi was not included in the jury instructions, and the eyewitness was untruthful and changed her statements.[1] ECF No. 30. He also notes his attorney would not allow him to take the stand and testify about statements potentially pointing to another suspect. *Id.*

As found by the Magistrate Judge, Petitioner's § 2254 petition is untimely under AEDPA's one-year statute of limitations. Petitioner had one year from the date on which the state court

---

[1] Petitioner seems focused on his murder charge, which stemmed from an event resulting in four charges: possession of a firearm or knife during the commission of a violent crime, armed robbery, burglary in the first degree, and murder. Petitioner was convicted of possession of a weapon during a violent crime, burglary, and robbery. However, Petitioner was not convicted of murder, as the jury failed to reach a unanimous decision. ECF No. 19-3 at 62-64, 67-68. Petitioner's SCDC "Inmate Search Detail Report" reveals none of the "current offenses" for which he is in custody is murder.

3

judgment became final to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A).[2]  However, this period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Petitioner's state court convictions for possession of a weapon during a violent crime, burglary, and robbery were affirmed by the South Carolina Court of Appeals on August 25, 2010. ECF No. 19-3 at 104-105. The remittitur was issued May 5, 2011. ECF No. 19-1. Thereafter, Petitioner filed a *pro se* application for post-conviction relief ("PCR") on July 29, 2011. ECF No. 19-3 at 106. This was dismissed on January 11, 2016, after multiple amendments by Petitioner and his counsel, and a hearing. *Id.* at 187-205. Petitioner filed a motion to alter or amend, which was denied. *Id.* at 215. Petitioner, through appellate counsel, then appealed the denial of his PCR and motion to alter or amend by writ of certiorari to the South Carolina Supreme Court. ECF Nos. 19-4, 19-5. The South Carolina Supreme Court transferred the appeal to the Court of Appeals, which denied certiorari on January 16, 2018. ECF No. 19-7. The remittitur was issued February 1, 2018.

Petitioner filed this § 2254 Petition on May 29, 2018.[3]

As Petitioner neither petitioned for rehearing nor certiorari with the South Carolina Supreme Court, his state convictions became final on September 9, 2010, when the appeal period

---

[2] Petitioner has not argued any of the other subsections of §2254(d)(1) apply in this case, and the court sees no indication from Petitioner's filings that subsections (B)-(D) would apply.

[3] Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Therefore, even though the § 2254 Petition was received by the court and docketed on June 4, 2018, it is deemed filed when Petitioner deposited it in the prison mail system, on May 29, 2018. *See* ECF No. 1-2 at 1.

4

expired fifteen days after the Court of Appeals' Order affirming his convictions.[4]  His PCR application was filed on July 29, 2011, 322 days after his convictions became final.  At that point the statute of limitations tolled with 43 days left.  The denial of Petitioner's state PCR claim became final either on January 16, 2018, when the South Carolina Court of Appeals opinion was filed, or on February 1, 2018, when the remittitur was filed.[5]  However, even giving Petitioner the benefit of the doubt (that the PCR action was final at the latest possible date, February 1, 2018), his § 2254 Petition was still filed almost two months too late.  He had 43 days from the date his PCR action was no longer "pending" to file this petition, which would be a deadline in March 2018.  However, he did not file until May 29, 2018.

Further, Petitioner has demonstrated no grounds for equitable tolling, even after being put on notice of the issue by Respondent's summary judgment brief and the Magistrate Judge's Report.  He notes his institution is currently on lockdown, as are most of the state correctional institutions, but this did not begin until after a riot on April 27, 2018.  *See* ECF No. 33.  Therefore, this would not have prevented his timely filing of a § 2254 Petition before the March 2018 deadline.  Therefore, there are no reasons to apply equitable tolling to this case.

---

[4] As noted by the Magistrate Judge, for a petitioner who did not appeal his conviction to the state's highest court, the date the mandate (here, remittitur) issues is <u>not</u> the date on which the conviction becomes final, but rather it is final when the time for seeking review from the highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

[5] Because this is a PCR decision, *Gonzalez* is not directly on point.  However, it seems likely the PCR decision was final on January 16, 2018.

**Conclusion**

After a *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the Report and Recommendation is adopted and incorporated by reference. Respondent's motion for summary judgment is granted, and Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

                                                s/Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                Senior United States District Judge

Columbia, South Carolina
March 26, 2019