IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier, | C/A No. 1:18-1511-CMC |
| Petitioner, | |
| v. | |
| | Order |
| Warden of Lieber Correctional Institution[1], | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on September 24, 2018.  ECF Nos. 19, 20.  A *Roseboro* Order was mailed to Petitioner the same day, advising him of the importance of a dispositive motion and the need to file an adequate response.  ECF No. 21.  When no response was received, the Magistrate Judge entered an order directing Petitioner to advise the court whether he wished to continue the case and warning him of the possibility of dismissal for failure to prosecute if he failed to respond.  ECF No. 23. Initially, Petitioner did not timely respond and the Magistrate Judge entered a Report recommending dismissal for failure to prosecute. ECF No. 25.  The court then received Petitioner's objections to

---

[1] Petitioner notes he is now housed at Perry Correctional Institution.

the Report, explaining he was having difficulty responding due to the lockdown at his facility. ECF No. 27.  The court therefore declined to adopt the Report and granted Petitioner an extension of time to respond to the motion for summary judgment.  ECF No. 28.  Petitioner then filed a response in opposition to summary judgment.  ECF No. 30.  The Magistrate Judge issued a Report recommending the motion for summary judgment be granted based on the statute of limitations. ECF No. 31.  Petitioner filed a letter after receipt of the Report (ECF No. 33), and this court then adopted the Report and dismissed the application for writ of habeas corpus based on the statute of limitations (ECF No. 36).

On August 31, 2020, Petitioner filed a motion for reconsideration, contending the statute of limitations was incorrectly calculated because he sought rehearing in the South Carolina Court of Appeals following his direct appeal, which further tolled the statute of limitations. ECF No. 40. As Respondent had represented there was no request for rehearing, the court ordered Respondent to advise the court whether a request for rehearing was filed in the South Carolina Court of Appeals following the direct appeal in 2010, and to file copies of the request for rehearing and denial, if any.  ECF No. 41.  Respondent filed a reply, noting he located the request for rehearing and denial and attaching same.  ECF No. 43.  Based on these documents, Respondent conceded Petitioner's § 2254 petition was timely filed.  *Id.*  The court therefore granted the motion for reconsideration, reopened the case, and re-referred the case to the Magistrate Judge for a recommendation on the merits of the summary judgment motion.  ECF No. 45.

On September 29, 2020, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted on the merits.  ECF No. 49.  The Magistrate Judge again advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner filed timely objections

2

on October 13, 2020.  ECF No. 55.  Respondent filed a reply.  ECF No. 58.  Petitioner also filed a motion to amend/correct his petition (ECF No. 53) and Respondent filed a response in opposition (ECF No. 57).  In addition, Petitioner filed a motion for evidentiary hearing and reply.  ECF No. 60.  Respondent filed a response in opposition to the motion for evidentiary hearing.  ECF No. 61.

## Standard

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Matthews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).   The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## Discussion

I.    *Merits of Petitioner's Claims*

The Magistrate Judge recommends granting Respondent's motion for summary judgment on all grounds.  ECF No. 49.  The grounds raised by Petitioner are ineffective assistance of counsel for: (1) failure to request an alibi charge; (2) failure to object to "golden rule" argument in the State's closing argument; (3) failure to introduce exculpatory evidence (DNA found at crime scene); and (4) failure of counsel to advise Petitioner of his right to testify.  *Id.* at 7 (citing Petition

3

at 5-10). The Report recommends dismissal of Grounds two and four as procedurally barred, because they were not raised or ruled upon in Petitioner's direct appeal or PCR, and Petitioner did not argue cause to excuse the default in his response to summary judgment. *Id.* at 17. The Report therefore finds Petitioner abandoned those grounds. *Id.* at 18.

Ground one is timely and not procedurally barred; however, the Report recommends dismissal because the state court did not unreasonably apply established precedent or base its decision on an unreasonable determination of the facts. *Id.* Specifically, the Report found the trial transcript indicates Petitioner was not entitled to an alibi charge, as no witness testified with any certainty to Petitioner's whereabouts during the time the home invasion was committed. *Id.* at 21. In addition, the Report concluded the PCR's determination that Petitioner failed to establish prejudice to show ineffective assistance of counsel was supported by the record. *Id.* Therefore, Petitioner failed to demonstrate counsel was ineffective in failing to request an alibi instruction, and the Report recommends dismissal. *Id.* at 22.

Although Respondent asserted Ground three is procedurally barred, the Report addressed the merits in an abundance of caution. The PCR court found the evidence was not exculpatory and thus Petitioner failed to show he was prejudiced by counsel's allegedly ineffective failure to introduce the DNA evidence. The Magistrate Judge determined this was not an unreasonable application of precedent or an unreasonable determination of the facts; therefore, the Report recommends dismissal of this ground. *Id.* at 24-25.

Petitioner objects to the Report. ECF No. 55. He contends the PCR court erred when finding trial counsel was effective although he failed to ask for an alibi jury instruction, several key witnesses were not investigated by defense counsel, and the state's case against him was circumstantial with no eye witnesses or direct evidence placing him at the crime scene. He asserts

4

he was at a different place during the crime and should have received an alibi charge. *Id.* at 1-3. He also contends a witness who testified against him lied and his attorney did not object. *Id.* at 4. His prior bad acts should have been excluded, he argues, because such evidence was overly prejudicial. Petitioner argues the solicitor asked the jurors to place themselves in the victim's shoes, thus violating the golden rule prohibition. *Id.* at 5. Finally, he contends his attorney did not inform him of his right to testify which "would have been crucial for my defense." *Id.* at 9. Thus, he asserts, his counsel was ineffective, and he was denied a meaningful defense. Notably, he does not set forth any argument regarding procedural default or cause to excuse it.

Petitioner also filed a letter enclosing documents regarding his PCR action, containing the grounds argued. ECF No. 54. Attached is the Second Amended Application for Post Conviction Relief in the South Carolina state court, alleging 10 grounds. ECF No. 54-1 at 3-4. Included are grounds asserting ineffective assistance of trial counsel for "failure to effectively communicate to [Petitioner] his right to testify and failure to have the Court instruct the Defendant as to his right to testify or remain silent," and "failure to object to 'Golden Rule' argument in State's closing argument." *Id.* at 4.

Respondent filed a reply, arguing grounds not raised in the original application and therefore not before the Magistrate Judge, but only in Petitioner's motion to amend[2], should not be reviewed. ECF No. 58. He also contends Petitioner withdrew his claim regarding advice on the right to testify at the state PCR hearing, as related to Ground four of the Petition, and thus it is procedurally defaulted. *Id.* at 2. He asserts Petitioner's objections should be overruled and the Report adopted. *Id.*

---

[2] See Section II, *infra*.

### a. Ground One

In Ground one, Petitioner argues his trial counsel was ineffective because he failed to request the court instruct the jury on alibi. The Report recommends dismissal of this ground because the state court did not unreasonably apply Supreme Court precedent or base its decision on an unreasonable determination of the facts. The PCR judge found: "[t]he record clearly shows that an alibi charge was not warranted at Applicant's trial because there was no evidence or testimony in the record that definitively accounted for Applicant's whereabouts between 7 a.m. and 10 a.m. on the morning of the home invasion and murder." ECF No. 19-3 at 191-92. As the South Carolina Supreme Court has held any gap in the relevant time frame precludes an alibi charge, the court agrees the PCR court's determination Petitioner was not entitled to an alibi charge is correct. Petitioner provides no information to alter this conclusion.

Petitioner has not shown counsel was ineffective for failing to request the alibi jury charge under the standard in *Strickland v. Washington*, 466 U.S. 668, 694 (1984) as applied in the habeas context. *Harrington v. Richter*, 562 U.S. 86, 88 (2011) ("Surmounting *Strickland's* high bar is never an easy task . . . establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.") The Report is therefore adopted on this issue, and ground one is dismissed with prejudice.

### b. Ground Two

The second ground concerns trial counsel's failure to object to the state's "golden rule" argument in closing, which asks jurors to place themselves in the victim's shoes. Petitioner contends this failure constitutes ineffective assistance of counsel. Respondent, however, argues this claim was procedurally defaulted, and the Report determined this ground was abandoned because Petitioner did not address procedural default or cause in his response to the summary

judgment motion. ECF No. 49 at 17-18.  In his objections, Petitioner attaches the Second Amended

Application for Post-Conviction Relief, which lists as grounds for relief "(h) Ineffective assistance

of counsel – failure to object to 'Golden Rule' argument in State's closing argument."  ECF No.

54-1 at 4.[3]

       In an abundance of caution, the court will address the merits of this ground and determine

if the PCR court unreasonably applied Supreme Court precedent or based its decision on an

unreasonable determination of the facts.  The PCR court found the solicitor's alleged "golden rule"

comment in his closing argument did not warrant an objection, as it did not "have the effect of

arousing the jury's fears and prejudices." ECF No. 19-3 at 201-02.[4]  He noted the statement was

not accusatory, did not mention Petitioner by name, its syntax was in a "general sense," and the

comment was in rebuttal to defense counsel's cross-examination regarding an absence of factors

that would speed rigor mortis. *Id.* at 202.  Even assuming the statement identified constituted an

---

[3] The court also notes this Second Amended Petition was contained in the Return and Memorandum at ECF No. 19-3 at 121-22.  It is unclear why Respondent has taken the position Ground two was procedurally defaulted.

[4] The statement objected to by Petitioner was as follows:

> [Counsel] wants to make a big argument about the time of death and rigamortus [*sic*], I don't know, he started talking about they brought the coroner, if the coroner explains it better than Dr. Sexton, I don't know, Dr. Sexton said you could die standing up in combat.  I assume that is from trauma and stress of being in that situation.  I don't know how long it lasted.  But I will tell you this, if you are standing in your own house and someone comes in with a gun and says, I am taking your money and you know it is somebody that you know, you know it is somebody you know *what do you think she would feel like*.  Don't you think every muscle in her body got rigid like this before she got killed, that she was exhausted in those few minutes it took from the time they came in and the time that bullet was through her brain, you be the judge of that.

ECF No. 19-3 at 201-02 (citing Trial Tr. at 520:8-19) (emphasis added).

impermissible "golden rule" argument, the PCR court found, based on a previous South Carolina Supreme Court case, Petitioner failed to show counsel was ineffective or that he was prejudiced by counsel's performance. *Id.* at 203.

Petitioner points to no Supreme Court precedent the PCR court failed to apply or applied unreasonably. By reiterating his substantive argument, that the solicitor should not ask jurors to place themselves in the victims' shoes, he appears to assert the PCR court made an unreasonable determination of the facts. However, the PCR court fully explained its reasoning, and does not appear to have made an unreasonable determination of the facts. The court agrees Petitioner has not established his trial counsel was deficient in failing to object to the statement in closing argument. Therefore, Ground two is dismissed with prejudice.

c.  Ground Three

Petitioner argues in Ground three counsel was ineffective for failing to introduce into evidence cigarettes found near the victim's abandoned vehicle that did not contain Petitioner's DNA. The Magistrate Judge again concluded the PCR court did not unreasonably apply Supreme Court precedent or base its decision on an unreasonable determination on the facts. The PCR court concluded the cigarette butts "were not exculpatory because they were discovered on property often used by the general public, and there was a significant duration between [the vehicle's] abandonment and subsequent discovery by the police." ECF No. 19-3 at 195. Therefore, the PCR court reasoned, Petitioner failed to prove the second prong of *Strickland* – that he was prejudiced by counsel's performance. *Id.* at 196.

The court agrees Petitioner has failed to show prejudice and has submitted no information on which to reach a different conclusion. The Report is therefore adopted on this issue, and Ground three is dismissed with prejudice.

8

d.  Ground Four

Ground four concerns trial counsel's failure to fully explain to Petitioner his right to testify at his criminal trial.  Respondent argued this ground was procedurally defaulted, and the Magistrate Judge explained a review of the record "shows these grounds were not raised to, nor ruled upon in Petitioner's direct appeal to the Court of Appeals or in his PCR appeal."  ECF No. 49 at 17.  As Petitioner did not argue cause to excuse the default or otherwise address Ground four in his response in opposition to summary judgment, the Report found he abandoned this issue.

Petitioner submitted his Second Amended Application for Post-Conviction Relief, which lists as grounds for relief "(g) Ineffective assistance of counsel – failure to effectively communicate to Applicant his right to testify and failure to have the Court instruct the Defendant as to his right to testify or remain silent."  ECF No. 54-1 at 4.[5]  However, the PCR transcript reflects Petitioner decided "he would like to forgo that" and so item (g), regarding his right to testify, was withdrawn. ECF No. 19-3 at 159.  As the issue was withdrawn, the PCR court did not rule on it and the ground is procedurally defaulted.  The court adopts the Report on this ground, and it is dismissed with prejudice.

II.    *Motion to Amend Petition for Writ of Habeas Corpus*

The court considers Petitioner's motion to amend his Petition, in which he lists nine grounds for habeas relief.  ECF No. 53.  He does not actually request to amend the Petition, but merely sets forth the nine grounds and explains each briefly.  Respondent has filed a response in opposition, noting the first four grounds in Petitioner's "Amended Application" are the same as

---

[5] The court also notes this was contained in the Return and Memorandum at ECF No. 19-3 at 121-22.

9

those in his pending Petition, and arguing grounds 5-9 are untimely and barred by the statute of limitations. ECF No. 57. Further, he contends claims 5-8 were raised in Petitioner's state court PCR action but were not properly exhausted through the PCR appeal. He requests the motion be denied as futile.

Habeas Rule 2(c) notes a petition "must specify all the grounds for relief available to petitioner." 28 U.S.C. § 2242 states habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." Fed. R. Civ. P. 15(a) allows amendment of pleadings with leave of court at any time during the proceeding.

However, a one-year statute of limitations applies to habeas petitions under § 2254. Amendments made after the statute of limitations relate back to the date of the original pleading only if the grounds arise out of the same conduct, transaction, or occurrence as the original petition. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). However, this does not mean any grounds that could be raised as attacking the same "trial, conviction, or sentence" will relate back. *Id.* at 664. Instead, as long as the "original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.*

The court agrees Petitioner's "Amended Application," construed as a motion to amend his Petition for writ of habeas corpus, is untimely. First, the additional claims not previously brought are outside the statute of limitations, as noted by Respondent. Although these grounds would have been timely if filed with the initial Petition in June 2018, after over two additional years the statute of limitations has expired, as it is not tolled by the timely filing of a habeas action. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period

10

during the pendency of respondent's first federal habeas petition."). The Amended Application does not state a sufficient basis to permit relation back of the additional claims Petitioner seeks to add, as they are not tied to a common core of operative facts – each ground relates to a different set of facts about the criminal conviction that Petitioner's counsel allegedly failed to raise. *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) ("[Petitioner's] express reliance on these four claims of ineffective assistance of counsel are to the exclusion of other claims of ineffective assistance of counsel.").

Second, Petitioner may not simply file an "Amended Application" at this stage in the litigation. This Petition has been pending since June 2018, and at no time in the past two and one-half years did Petitioner evince a need to add additional grounds to his Petition. If the court were to allow these additions, it would require an amended summary judgment motion from Respondent, further briefing, and an additional or supplemental Report from the Magistrate Judge. The prejudice to Respondent would be significant, and it appears the amendment would be futile due to the statute of limitations. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."). Therefore, the court denies Petitioner's motion to amend his Petition, and will not consider the additional grounds raised in the "Amended Application."

### III.    *Motion for Evidentiary Hearing*

Petitioner requests an evidentiary hearing to show the claims presented in his motion to amend were not filed outside the statute of limitations. ECF No. 60. He argues the Assistant Attorney General made an error in the tolling calculation and had this case dismissed on an error. Therefore, he argues, his additional claims would not be untimely. Respondent filed a response in

11

opposition, arguing an evidentiary hearing is not warranted because resolution may be based on the records before the court, and thus Petitioner has not met the standard for an evidentiary hearing.

Although the statute of limitations was previously miscalculated in this case because the court did not have knowledge of Petitioner's motion for rehearing of his criminal conviction when this case was originally reviewed, that does not mean new claims raised in the motion to amend filed October 2, 2020, are timely. As noted above, these claims would have been filed within the statute of limitations if filed with the original Petition. However, they do not relate back to that date of filing, and are therefore untimely and barred by the statute of limitations. Petitioner's motion for evidentiary hearing is denied.

## Conclusion

For the reasons above, the court adopts the conclusions of the Report, grants summary judgment for Respondent, and dismisses the Petition with prejudice. Petitioner's motions to amend the Petition (ECF No. 53) and for an evidentiary hearing (ECF No. 60) are denied.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

      **IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
November 24, 2020

13